UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MICHAEL MERSON, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-08752-PAC-SLC |
| Plaintiff, | CLASS ACTION |
| vs. | |
| GOLDMAN SACHS GROUP INC. and MORGAN STANLEY, | |
| Defendants. | |

| | |
|---|---|
| KAI CHEN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-09564-PAC-SLC |
| Plaintiff, | CLASS ACTION |
| vs. | |
| GOLDMAN SACHS GROUP INC. and MORGAN STANLEY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT
LEI BIAN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. SUMMARY OF PLAINTIFFS' COMPLAINTS.................................................... 2

III. ARGUMENT............................................................................................................. 3

    A. The Related Actions Should Be Consolidated........................................ 3

    B. Bian Should Be Appointed Lead Plaintiff ............................................... 3

        1. Bian's Motion is Timely ............................................................... 4

        2. Bian Possesses the Largest Financial Interest............................. 4

        3. Bian Otherwise Satisfies Rule 23 ................................................ 5

    C. Bian's Selection of Counsel Should Be Approved.................................. 6

IV. CONCLUSION.......................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................... 6

*Kasilingam v. Tilray, Inc.*,
  No. 1:20-cv-03459-PAC,
  2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020) ............................................................................. 6

**STATUTES, RULES AND OTHER AUTHORITIES**

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................................... 2

Fed. R. Civ. P. 23(a)(3)-(4) ............................................................................................................ 6

Fed. R. Civ. P. 42(a) .................................................................................................................. 3, 7

Movant Lei Bian ("Bian") respectfully submits this memorandum of law in support of his motion for consolidation, appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, and for approval of his selection of Johnson Fistel, LLP ("Johnson Fistel") as lead counsel for the proposed class (the "Motion").

**I.      INTRODUCTION**

The two above-captioned actions pending before this Court are federal securities class actions brought on behalf of investors who purchased or otherwise acquired Tencent Music Entertainment Group ("Tencent") shares between March 22, 2021, and March 29, 2021, inclusive (the "Class Period"). The complaints charge Goldman Sachs Group Inc. and Morgan Stanley with violations of §§ 20A, 10(b), and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission (SEC) Rule 10b-5 promulgated thereunder. As such, the actions are governed by the PSLRA.

Pursuant to the PSLRA, the Court must decide whether to consolidate the two related actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate here under Rule 42(a) because the two actions involve identical questions of law and fact.

Once the consolidation issue is resolved, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). The Court is to appoint the movant making a timely motion under the PSLRA's sixty (60) day deadline, who asserts the largest financial interest in the litigation, and who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Accordingly, here, Bian should be appointed lead plaintiff because

he: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) is typical and will adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The PSLRA also vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Because Johnson Fistel is a leading securities class action law firm and has earned a reputation for excellence in shareholder rights litigation, the Court should approve Bian's choice of the firm to serve as lead counsel.

## II. SUMMARY OF PLAINTIFFS' COMPLAINTS

Both Goldman Sachs and Morgan Stanley are global financial services institutions that served as prime brokers for Archegos Capital Management ("Archegos"), a family office with $10 billion under management, helping Archegos make trades and lending it capital in the form of margin lending.

According to the complaints, Defendants Goldman Sachs and Morgan Stanley were able to sell large amounts of Tencent shares during the Class Period, while in possession of material, non-public information regarding Archegos, and the need to liquidate its entire Tencent position due to margin call pressure. Defendants allegedly unloaded large block trades consisting of shares of Archegos' doomed bets, including billions worth of Tencent securities, late Thursday, March 25, 2021, before the Archegos story reached the public, sending Tencent's stock into a complete tailspin.[1] These sales allowed Defendants Morgan Stanley and Goldman Sachs to avoid billions of dollars in losses.

---

[1] According to other reports, Goldman Sachs began liquidating its shares on March 26, 2021. *See* Elizabeth Dilts Marshall & Matt Scuffham, *Timeline - Diary of a meltdown: how the Archegos Capital fire sale went down*, Reuters (April 2, 2021), https://www.reuters.com/article/usa-markets-blocktrades-timeline/timeline-diary-of-a-meltdown-how-the-archegos-capital-fire-sale-went-down-idUSL1N2LS332.

Defendants allegedly knew, or were reckless in not knowing, that they were prohibited from trading based on this confidential market-moving information, but traded anyway, disposing to plaintiffs and other members of the class their Tencent stock before the news about Archegos was announced and Tencent's share price plummeted. Accordingly, the complaints charge Goldman Sachs and Morgan Stanley with violations of §§ 20A, 10(b), and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78t-1, 78j(b), and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

### III.  ARGUMENT

#### A.  The Related Actions Should Be Consolidated

The Court may consolidate related actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the two related actions assert the same claims against the same Defendants on behalf of the same putative class of investors. Accordingly, the actions should be consolidated. *See Richman v. Goldman Sachs Group, Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011) ("There is no doubt that these actions, which make nearly identical allegations, involve common questions of law and fact, should be consolidated pursuant to Federal Rule of Civil Procedure 42(a)(2).").

#### B.  Bian Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff. First, "[n]ot later than twenty (20) days" after the initial complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "no later than sixty (60) days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, Bian meets each of these requirements and should be appointed lead plaintiff and permitted to select lead counsel for the class, subject to Court approval, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 1. Bian's Motion is Timely

The statutory notice published on October 26, 2021, advised class members of the pendency of the action, the claims asserted therein, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within sixty (60) days, or by December 27, 2021. *See* Declaration of Ralph M. Stone in Support of Lei Bian's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Stone Decl."), filed herewith, Exh. A (PSLRA Press Release).

Because this Motion is being filed on December 27, 2021, it is timely, and Bian is entitled to be considered for appointment as lead plaintiff.

### 2. Bian Possesses the Largest Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief

sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Bian suffered $16,306.90 in estimated PSLRA losses as a result of purchasing 4,000 Tencent shares during the Class Period. *See* Stone Decl., Exh. B (PSLRA Certification) and Exh. C (Financial Interest Calculation). Accordingly, Bian has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of the federal securities laws. To the best of his counsel's knowledge, there are no other plaintiffs or movants with larger financial interests during the Class Period. Therefore, Bian satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Bian Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)–(4). At the lead plaintiff stage, movants are only required to make a *prima facie* showing of typicality and adequacy. *Kasilingam v. Tilray, Inc.*, No. 1:20-cv-03459-PAC, 2020 WL 4530357, at *2 (S.D.N.Y. Aug. 6, 2020).

In determining whether a movant satisfies the "typicality" requirement, courts consider whether its claims arise from the same conduct and same legal theory for the defendants' alleged liability. *Id.* at *3. The typicality requirement is satisfied here because Bian seeks the same relief and advances the same legal theories as other class members. Indeed, like other class members: (i) Bian purchased Tencent shares during the Class Period; (ii) his purchases were

contemporaneous with Defendants' sales of Tencent shares; and (iii) he was damaged thereby. Bian's claims therefore arise from the same course of events and his legal arguments to prove defendants' liability are identical to the balance of the class.

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Thus, in evaluating whether Bian satisfies the adequacy requirement, the Court should consider whether he "has selected counsel 'qualified, experienced, and generally able to conduct the litigation,' he has no conflict with the other class members, and his financial interest is sufficient to ensure 'vigorous advocacy.'" *Id.* (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

Here, Bian has retained counsel experienced in prosecuting securities class actions under the PSLRA. *See* Stone Decl., Exh. D (Johnson Fistel Firm Resume). Additionally, no antagonism exists between his interests and those of the absent class members. Their interests are squarely aligned. Moreover, Bian has amply demonstrated his adequacy by signing the sworn certification submitted herewith evidencing his willingness to serve as a representative party on behalf of the class, including testifying at deposition or trial, if necessary. *See* Stone Decl., Exh. B (PSLRA Certification). Finally, Bian's significant losses in connection with his investments in Tencent shares ensure that he has the incentive to vigorously pursue the claims against Defendants.

Because Bian has the largest financial interest in the action and has made *a prima facie* showing of typicality and adequacy, he should be appointed lead plaintiff.

### C. Bian's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3) (B)(v). Bian has selected Johnson Fistel to serve as lead counsel for the proposed class.

Johnson Fistel, with offices in New York, Georgia, and California, is a leading shareholder rights law firm and has earned a reputation for excellence and innovation in shareholder and complex litigation.  The firm and its attorneys have been appointed as lead or co-lead counsel in shareholder litigation in both federal and state courts throughout the country and have successfully litigated numerous such cases on behalf of injured investors.  *See* Stone Decl., Exh. D (Johnson Fistel Firm Resume).  In fact, courts and clients alike have praised Johnson Fistel and its attorneys for their capabilities in complex cases such as the present case.  *Id*.  There can be little doubt that as lead counsel, Johnson Fistel's extensive experience and track record of success in complex shareholder litigation like the present case, combined with its client-driven track record, will serve lead plaintiff and the class well.

Thus, the Court can be assured that by approving Bian's choice of Johnson Fistel as lead counsel, the putative class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

The two related actions are nearly identical and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Once the actions are consolidated, Bian, who meets all of the PSLRA's lead plaintiff requirements, respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Johnson Fistel as Lead Counsel.

 DATED:  December 27, 2021                    **JOHNSON FISTEL, LLP**

*/s/ Ralph M. Stone*
Ralph M. Stone (RS-4488)
1700 Broadway, 41st Floor
New York, NY 10019
Telephone: (212) 292-5690
Facsimile: (212) 292-5680
RalphS@johnsonfistel.com

**JOHNSON FISTEL, LLP**
Michael I. Fistel, Jr.
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
MichaelF@johnsonfistel.com

*Counsel for Movant Lei Bian*